# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3181

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| David Palmer, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 18, 1999

Filed:  December 14, 1999

_____

Before BEAM, FLOYD R. GIBSON, and WELLFORD,[1] Circuit Judges.

_____

PER CURIUM.

David Palmer, a former inmate at the United States Penitentiary, Leavenworth, Kansas, was convicted of conspiring with a guard and an inmate to distribute marijuana inside the prison.  The district court[2] sentenced Palmer to sixty months.  Palmer

_____

[1]The Honorable Harry W. Wellford, United States Circuit Judge for the Sixth Circuit, sitting by designation.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

appeals, raising three issues: (1) the district court erred in allowing testimony from Steven Avery and Karen Forgery that was provided in exchange for leniency violating 18 U.S.C. § 201(c)(2); (2) the district court erred in finding that Palmer was a career offender; and (3) the district court erred in calculating his base offense level.

We consistently have held that the government does not violate section 201(c)(2) by offering evidence from witnesses who have received leniency in return for their testimony. See United States v. Albanese, No. 99-1078, 1999 WL 809693, at *4-5 (8th Cir. Oct. 5, 1999). Therefore, the district court was correct when it permitted the use of Avery and Forgery.

Palmer next contends that his conviction for conspiracy to provide contraband items in prison is not a "controlled substance offense" for career offender purposes under the sentencing guidelines. Although the description of the crime in the statute and the language of the guideline are not exactly the same, the elements are substantially similar to those listed in the guideline application notes. If the conviction's elements are substantially similar to those of the listed offenses, then it is a controlled substance offense under section 4B1.2. Accordingly, the district court was correct in determining that Palmer was a career offender under the guidelines.

Palmer finally argues that because he was acquitted of the distribution charge, and found guilty under the providing contraband charge, his base level for sentencing should be based on section 2P1.2(a)(3), providing a controlled substance[3], instead of section 2P1.2(c)(1), distribution of a controlled substance.[4] Palmer was acquitted on the distribution charge by a jury that used the standard of beyond a reasonable doubt. For sentencing purposes, however, the district court applies the preponderance of the

---

[3]Section 2P1.2(a)(3) equates to a base level of 6.

[4]His offense under section 2P1.2(c)(1) equates to a base level of 8.

evidence standard in deciding which facts upon which to rely.  See e.g., United States v. Alvarez, 168 F.3d 1084, 1087-88  (8th Cir. 1999).  We review factual findings at sentencing for clear error.  See United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir.), cert. denied, 120 S. Ct. 143 (1999).  Having carefully reviewed the record, we conclude that the district court was correct in its determination that there was ample evidence under the preponderance standard to support sentencing under section 2P1.2(c)(1).  Accordingly, the conviction and the sentence are affirmed.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.